# 22-1015

## United States Court of Appeals for the Second Circuit



JEROME NORTON,

*Plaintiff-Appellant,*

-against-

TOWN OF BROOKHAVEN, COUNTY OF SUFFOLK,
ROBERT QUINLAN, DAVID J. MORAN, JENNIFER LUTZER,
JUSTIN FOLBER, WILLIAM POWELL, and VALERIE BASCARDI,
all individually and in their official capacity,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLANT

---

LEEDS BROWN LAW, P.C.
*Attorneys for Plaintiff-Appellant*
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
*rostrove@leedsbrownlaw.com*

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................... *iii*

JURISDICTIONAL STATEMENT ......................................................... 1

ISSUES PRESENTED FOR REVIEW ................................................... 2

STATEMENT OF THE CASE ............................................................... 3

ARGUMENT ......................................................................................... 8

I.   Standard of Review ....................................................................... 8

II.  Portions of Order to Which no Objection is Made ........................... 8

III. The District Court Incorrectly Held That the Statute of Limitations on Norton's GML § 239-M Claim Expired ........................................... 9

    A. District Court Adopted R&R's Determinations on the GML § 239-m Statute of Limitations Without Analysis..................................... 10

    B. Brookhaven's Town Board Lacked Jurisdiction to Enact or Amend Ch. 82 ............................................................................. 11

    C. Because there was a Jurisdictional Defect, no Statute of Limitations Applies ................................................................... 13

       1. Where the Town Board acts Without Jurisdiction, the Statute of Limitations does not Apply................................................ 13

       2. The R&R is Incorrect that a "Split" Exists on this Issue ....... 15

    D. Even if There Was an Appellate Division Split, this Court Should Find No Statute of Limitations Applies ..................................... 19

       1. Since the Town Lacked Jurisdiction, the Court of Appeals Would Find No Statute of Limitations Had Run ................... 19

*i*

2.  When Determining Which Department to Follow, This Court
Should Follow the Second Department ..................................................20

E.  If this Court Believes that a "Split" Exists on the Statute of
Limitations Issue, it Should Certify Questions to New York's Court
of Appeals ............................................................................................21

F.  The R&R is Incorrect that Norton Could have Brought this Action as
an Article 78 Proceeding.........................................................................23

G.  Even if a Statute of Limitations does Exist, Norton's Claim is Timely .....26

H.  Even if a Statute of Limitations does Exist, Norton's Challenge Still
Survives as to Some Portions of Ch. 82 ..................................................29

IV.  District Court Incorrectly Held that Norton Must Prove His Allegations
on a Motion to Dismiss, Rather than Accepting His Allegations as True ......32

V.  Estoppel on GML § 239-m Claim....................................................................33

A.  Lower Court Misapplied the Stipulation, Allowing the Town
Defendants to Make Arguments they Should not Have Advanced ...........33

B.  Town Defendants' Attempt to Assert a Statute of Limitations
Violates Judge Spatt's Order....................................................................34

C.  Town Defendants' Attempt to Assert a Statute of Limitations
Violates a Consent Decree .......................................................................35

D.  Town Defendants' Attempt to Assert Statute of Limitations is
Actually Seeking Reconsideration of Judge Spatt's Order........................38

VI.  Court Improperly Dismissed Norton's Town Law § 262 Claim ....................39

VII.  Court Improperly Dismissed Norton's Uniform Code Claim..........................40

CONCLUSION ....................................................................................................46

CERTIFICATION PURSUANT TO Fed. R. App. P. 32(a)(7)(B) and (C) ...........47

# TABLE OF AUTHORITIES

*Cases*                                                                *Page(s)*

Abbott Labs. V. Granite State Ins. Co.,
573 F. Supp. 193, 195 (N.D. Ill. 1983) ...............................................................21

Abdullayeva v. Attending Homecare Servs. LLC,
928 F.3d 218, 222 (2d Cir. 2019)........................................................................45

Amerada Hess Corp. v. Acampora, as Supervisor of the Town Board of the
Town of Brookhaven,
109 A.D.2d 719, 722 (2d Dep't 1985) ................................................................15

Annabi v. City Council of Yonkers,
47 A.D.3d 856-57 (2d Dep't 2008)......................................................................11

Anza v. Ideal Steel Supply Corp.,
547 U.S. 451, 453 (2006) .....................................................................................33

Arar v. Ashcroft,
585 F.3d 559, 567 (2d Cir. 2009)...........................................................................8

Ashcroft v. Iqbal,
129 S.Ct. 1937, 1949 (2009) ..................................................................................8

Asma v. Curcione,
31 A.D.2d 883, 884 (4th Dep't 1969) ...........................................................12, 14

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007) ........................................................................................8

Bloom v. Mayor of City of New York,
35 A.D.2d 92, 97 (2d Dep't 1970), aff'd, 28 N.Y.2d 952 (1971)........................24

Brastex Corp. v. Allen Intern., Inc.,
702 F.2d 326, 330 (2d Cir. 1983)........................................................................19

Burchetta v. Town Bd. of Carmel,
167 A.D.2d 339, 341 (2d Dep't 1990) .................................................................12

Calvin Klein LTD v. Trylon Trucking Corp.,
   892 F.2d 191, 194 (2d Cir. 1989)..........................................................................19

Caro v. Weintraub,
   618 F.3d 94, 97 (2d Cir. 2010)..............................................................................8

City of Hartford v. Chase,
   942 F.2d 130, 135 (2d Cir. 1991)..........................................................................37

Coal. for Cobbs Hill v. City of Rochester,
   194 A.D.3d 1428, 1436 (4th Dep't 2021)..............................................................12

Davis v Rosenblatt,
   159 A.D.2d 163, 168 (3d Dep't 1990), appeal dismissed 77 N.Y.2d 834,
   lv denied 79 N.Y.2d 757, appeal dismissed 79 N.Y.2d 822 (1991) ....................15

Eastport All. V. Lofaro,
   13 A.D.3d 527, 529 (2d Dep't 2004) ....................................................................13

EEOC v. N.Y. Times Co.,
   196 F.3d 72, 78 (2d Cir. 1999)..............................................................................37

Eiseman v. Inc. Vill. of Bellport,
   2020 NY Slip Op 31941(U), ¶¶6-7 (Sup. Ct. Suffolk Co.) ..................................13

Erie [R. Co. v. Tompkins ........................................................................................20

Ernalex Constr. Realty Corp. v. City of Glen Cove,
   256 A.D.2d 336-38, (2d Dep't 1998)....................................................................12

Ferrari v. Penfield Planning Bd.,
   181 A.D.2d 149, 152-53 (4th Dep't 1992)......................................................12, 14

Fisher v. First Stamford Bank and Trust Co.,
   751 F.2d 519, 523 (2d Cir. 1984)..........................................................................44

Foy v. Schechter,
   1 N.Y.2d 604, 615 (1956) .....................................................................................20

Gardner v. Toilet Goods Ass'n,
   387 U.S. 167, 172 (1967) ......................................................................................32

Geller v. Branic Int. Realty Corp.,
    212 F.3d 734, 737 (2d Cir. 2000)..........................................................................44

Grace v. Rosenstock,
    228 F.3d 40, 53 (2d Cir. 2000)..............................................................................31

Griffin v. Sirva Inc.,
    835 F.3d 283, 294 (2d Cir. 2016)..........................................................................22

Hampshire Mgmt. Co. v. Feiner,
    52 A.D.3d 714, 715 (2d Dep't 2008) ...............................................................18, 32

Hook v. Ariz., Dep't of Corr.,
    1992 U.S. App. LEXIS 20465, at *13 (9th Cir. Sep. 1, 1992) ...........................37

Hughes v. Nw. Univ.,
    142 S. Ct. 737, 740 (2022) ....................................................................................33

In re Suffolk Reg'l Off-Track Betting Corp.,
    542 B.R. 72, 86 (Bankr. E.D.N.Y. 2015)..............................................................15

Janiak v. Town of Greenville,
    203 A.D.2d 329, 331 (2d Dep't 1994) ..............................................................16, 18

Katel Ltd. V. AT&T Corp.,
    607 F.3d 60, 65 (2d Cir. 2010)..............................................................................45

King v. Chmielewski,
    76 N.Y.2d 182, 188 (1990) ...............................................................................19, 20

Klaxon Co. v. Stentor Electric Manufacturing Co., ...................................................20

Kuwait Airways Corp. v. Ogden Allied Aviation Servs.,
    726 F. Supp. 1389, 1395 (E.D.N.Y. 1989) ......................................................19, 21

Lakeland Water Dist. v. Onondaga Ct'y Water Auth.,
    24 N.Y.2d 400, 408 (1969) ...................................................................................24

Levy v. BASF Metals Ltd.,
    755 F. App'x 29, 31 (2d Cir. 2019) ......................................................................31

Lewis v. New York,
 547 F.2d 4, 6 n.4 (2d Cir. 1976)...........................................................40

Long Island Pine Barrens Soc'y, Inc. v. Town of Brookhaven Town Bd.,
 927 N.Y.S.2d 817, 817 (Sup. Ct. Suffolk Co. 2011) ...........................14

Los Angeles v. Preferred Commc'ns, Inc.,
 476 U.S. 488, 493 (1986) ...............................................................32, 33

Matter of 24 Franklin Ave. R.E. Corp. v. Heaship,
 139 A.D.3d 742-74 (2d Dep't 2016)....................................................11

Matter of Calverton Manor, LLC v. Town of Riverhead,
 160 A.D.3d 842, 844-45, (2d Dep't 2018).............................................11

Matter of EMB Enters., LLC v. Town of Riverhead,
 70 A.D.3d 689-90 (2d Dep't 2010)........................................................11

Matter of Fichera v. N.Y. State Dep't of Envtl. Conservation,
 159 A.D.3d 1493, 1495-96 (4th Dep't 2018).....................................12, 14

Matter of Frigault v. Town of Richfield Planning Bd.,
 107 A.D.3d 1347, 1352-53 (3d Dep't 2013)..........................................12

Matter of Kovarsky v. Hous. & Dev. Admin. of City of N.Y.,
 31 N.Y.2d 184, 191 (1972) .............................................................23, 24

Matter of Lamar Advert. of Penn, LLC v. Vill. Of Marathon,
 24 A.D.3d 1011, 1012-13 (3d Dep't 2005).............................................12

Matter of Llana v. Town of Pittsford,
 234 A.D.2d 881 (3d Dep't 1996) .....................................................25, 26

Matter of Roanoke Sand & Gravel Corp. v. Town of Brookhaven,
 24 A.D.3d 783, 785 (2d Dep't 2005) .....................................................14

Matter of Save Harrison, Inc. v Town/Village of Harrison, NY,
 168 A.D.3d 949, 953-54 (2d Dep't 2019)...............................................11

Matter of Smith v. Town of Plattekill,
 13 A.D.3d 695, 696 (3d Dep't 2004) .....................................................17

Matter of Weinstein v. Nicosia,
    32 Misc. 2d 246, 249-250 (Sup. Ct. Erie Co. 1962),
    aff'd 18 A.D.2d 881 (4th Dep't 1963) ............................................................12, 14

McCarthy v. Zoning Bd. of Appeals,
    283 A.D.2d 857, 857 (3d Dep't 2001) .....................................................15, 16, 18

McCoy v. Feinman,
    99 N.Y.2d 295, 302 (2002) ...................................................................................45

McDonald v. Head Criminal Court Supervisor Officer,
    850 F.2d 121, 124 (2d Cir. 1988)..........................................................................35

Morales v. County of Nassau,
    94 N.Y.2d 218, 224 (1999) ...................................................................................29

Nager v. Inc. Vill. of Saddle Rock,
    140 Misc. 2d 644 (Sup. Ct. 1988).........................................................................32

Nager v. Saddle Rock,
    140 Misc.2d 644, 646 (Sup. Ct. Nassau Co. 1988),
    aff'd 160 A.D.2d 785 (2d Dep't 1990) ..................................................................13

New York State Rifle & Pistol Assn., Inc. v. Bruen,
    142 S. Ct. 2111 (2022) ..........................................................................................16

Old Dock Assocs. V. Sullivan,
    150 A.D.2d 695, 697 (2d Dep't 1989) ...................................................................14

Overhill Bldg. Co. v. Delany,
    28 N.Y.2d 449, 458 (1971) ...................................................................................23

Overstreet v. N. Shore Corp.,
    318 U.S. 125, 127 (1943).......................................................................................32

P&N Tiffany Props., Inc. v. Village of Tuckahoe,
    33 A.D.3d 61 (2d Dep't 2006) ........................................................................16, 25

Pedreira v. Sunrise Children's Servs.,
    802 F.3d 865, 871 (6th Cir. 2015).........................................................................35

People v. Robles,
    881 N.Y.S.2d 366, 366 (App. Term 2d Dep't 2009.) .........................................43

Perez v. Danbury Hosp.,
    347 F.3d 419, 424 (2d Cir. 2003)........................................................................36

Pub. Serv. Com. v. Wycoff Co.,
    344 U.S. 237, 241 (1952) ...................................................................................27

Red Hook/Gowanus Chamber of Commerce v. New York City Bd. of Stds.
    and Appeals,
    5 N.Y.3d 452, 460 (2005) ...................................................................................28

S. Shore Audubon Soc'y, Inc. v. Bd. of Zoning Appeals,
    185 A.D.2d 984, 985. (2d Dep't 1992) ................................................................13

Sanchez v. Maher,
    560 F.2d 1105, 1108 (2d Cir. 1977)....................................................................44

Save the Pine Bush v. City of Albany,
    70 N.Y.2d 193, 202 (2009) ...........................................................................24, 25

Solnick v. Whalen,
    49 N.Y.2d 224, 229-30 (1980)............................................................................28

Square D Co. v. Niagara Frontier Tariff Bureau,
    760 F.2d 1347, 1365 (2d Cir. 1985) aff'd, 476 U.S. 409 (1986) ........................40

Stankavich v. Town of Duanesburg Planning Board,
    246 A.D.2d 891 (3d Dep't 1998) ...................................................................17, 18

Sun-Brite Car Wash, Inc. v. Board of Zoning Appeals,
    69 N.Y.2d 406, 413-14 (1987)......................................................................18, 25

Town of Riverhead v. New York State Bd. of Real Prop. Servs.,
    5 N.Y.3d 36, 42-43 (2005)..................................................................................28

United States v. Armour & Co.,
    402 U.S. 673, 681-82 (1971)...............................................................................36

United States v. Int'l Bhd. of Teamsters,
    998 F.2d 1101, 1107 (2d Cir. 1993).......................................................36

United Technologies Corp. v. Citibank, N.A.,
    469 F. Supp. 473 (S.D.N.Y. 1979).......................................................19

Victorson v. 1580 John's Place, Inc.,
    37 N.Y.2d 395, 403 (1975) ..................................................................27

Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council,
    857 F.2d 55, 65 (2d Cir. 1988)............................................................40

Weissman v Evans,
    56 N.Y.2d 458, 463 (1982) ..................................................................15

We're Assocs. Co. v. Bear,
    35 A.D.2d 846, 847 (2d Dep't 1970) aff'd 28 N.Y.2d 981, 982 (1971)........19, 22

Williams v. Illinois,
    399 US 235, 239 (1970)..................................................................16, 17

Zagoreos v. Conklin,
    109 A.D.2d 281, 286 (2d Dep't 1985) .................................................12

Zelnick v. Small,
    268 A.D.2d 527, 529 (2d Dep't 2000) ...........................................11, 12

**_Statutes/Regulations/Miscellaneous_**

1 Weinstein-Korn-Miller, NY Civ Prac ¶213.02....................................15

22 N.Y.C.R.R. § 500.27.......................................................................22

28 U.S.C. § 1291 ...................................................................................2

28 U.S.C. § 1367....................................................................................2

Article IX, Section 2(d) of the New York Constitution............................23

Brookhaven Town Code Chapter 82..............................................._passim_

CPLR § 203(a) ....................................................................................27

CPLR § 213(1) .................................................................23, 26, 28, 29

CPLR § 217..........................................................................................26

CPLR § 217(1) .................................................................23

CPLR Article 78.........................................................*passim*

Executive Law § 379 ......................................................41

Executive Law § 379(1)...................................................42

Executive Law § 379(3)...................................................42

Executive Law § 383 ......................................................41

Executive Law § 383(1)..............................................42, 43

FRCP 12(b)(6)..................................................................8

FRCP 60(b) ....................................................................37

FRCP Rule 12(c)..........................................................6, 40

FRCP Rule 56 Motion......................................................40

GML § 239-m

GML § 239-m(4)(a) ...........................................................9

GML § 239-m(5).................................................................9

GML § 239-m[3][ii]..........................................................29

N.Y.S. Executive Law Article 18 ...................................4, 41

New York Property Maintenance Code § 102.6 ...................41

New York Property Maintenance Code § 102.8 ...................41

New York Residential Code § 102.2 ..................................41

New York Town Law § 262 .................................3, 39, 40, 46

Second Circuit Local Rule 27.2.........................................22

Town Code § 82 ............................................................4, 5

Town Law § 264 ..............................................................16

Town Law § 267-c (1) ......................................................28

Town Law § 274-a (11) ...............................................17, 28

Town Law § 274-a ...........................................................17

Town Law § 274-b (9) ......................................................28

Village Law § 21-2100 ...............................................16, 25

# JURISDICTIONAL STATEMENT

This is an appeal from a final order entered on March 31, 2022 ("Order") in the United States District Court for the Eastern District of New York (Azrack, J.) granting Defendants–Appellees Town of Brookhaven ("Town"), Robert Quinlan, David J. Moran, Jennifer Lutzer, Justin Folber, William Powell, and Valerie Biscardi's (collectively "Town Defendants")[1] motion for judgment on the pleadings, which dismissed all of Plaintiff–Appellant's Jerome Norton's ("Norton") claims. (A.263-66.) Judgment was entered on April 4, 2022. (A.281-82.) Norton filed a timely notice of appeal on May 4, 2022. (A.283.)

While Norton's federal claims were resolved by the parties' Stipulation of Partial Settlement ("Stipulation") executed in 2017 (A.157-88), the district court retained jurisdiction[2] over Norton's state law claims, as is evidenced by the fact that, after Judge Arthur D. Spatt endorsed the Stipulation, status reports were filed, conferences were held, and the court continued to make rulings on issues that arose.

---

[1] The lower courts in this matter have, at alternate times, referred to the Town of Brookhaven and the individual defendants as the "Town" or the "Town Defendants".

[2] The Stipulation repeatedly refers to the district court's retention of jurisdiction. (A.161 at (h), A.176 at ¶15(c), A.181 at ¶28, A.184 at ¶34, A.187 at ¶43.) In her Report and Recommendation ("R&R"), Judge Anne Y. Shields referred to both "ancillary" and "supplemental" jurisdiction. (A.256.) Then-Magistrate Judge Gary R. Brown referred to "ancillary" jurisdiction, and "ancillary" jurisdiction was acknowledged by Town Counsel. (A.69.) In either case, however, neither party objected to the portion of the R&R which found the district court had properly retained jurisdiction over Norton's state law claims. (A.255-57.) In turn, the Order reviewed the portions of the R&R to which there was no specific objection for clear error and found none. (A.264.)

(A.11-18.) Norton's state law claims form part of the same case or controversy as his resolved federal claims. Therefore, the district court had subject matter jurisdiction over Norton's state law claims pursuant to 28 U.S.C. § 1367. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

1) Did the district court err by finding that a statute of limitations applied to Norton's declaratory judgment action, which sought to determine whether the zoning law portions of Brookhaven Town Code Chapter 82 ("Ch. 82") were void for failure to comply with New York General Municipal Law ("GML") § 239-m?

2) Did the district court err by finding Norton had challenged only the portions of Ch. 82 that were enacted in 1999?

3) Did the district court err by holding that Plaintiff must prove the allegations in his Complaint on a motion to dismiss, rather than accepting them as true?

4) Did the district court err in holding that Norton had abandoned his cause of action regarding Ch. 82's compliance with New York's Uniform Fire

Prevention and Building Code Act, and the regulations promulgated thereunder?

5) Absent a motion to dismiss Norton's New York Town Law § 262 claim by the Town Defendants, did the district court err in dismissing this claim?

## STATEMENT OF THE CASE

The vast majority of Norton's claims against the Town Defendants were resolved by the Stipulation that was so-ordered by Judge Spatt on October 18, 2017. (A.157-88.) A recitation of the facts underlying the resolved claims can be found in Judge Spatt's July 30, 2014, Memorandum of Decision and Order. (A.22-34.) On appeal, the relevant facts relate to the procedural history of the case, the negotiation of the Stipulation, and its contents.

On June 20, 2013, Norton commenced this action against the Town, the County of Suffolk ("County"), and individual defendants. On October 9, 2013, Norton filed an Amended Complaint, and on January 14, 2014, he filed a Second Amended Complaint.

Starting in November 2014, Norton and the Town Defendants engaged in extensive settlement discussions. (A.158.) Then-Magistrate Judge Brown assisted, holding six settlement conferences. (A.8-11.) On October 17, 2017, after nearly three

years of negotiations, the parties reached agreement resulting in a 32-page stipulation with multiple exhibits. (A.157-88.)

Pursuant to the Stipulation, Norton relinquished his right to all monetary damages. (A.178 at ¶19.) He also agreed to conditionally discontinue all his claims against the Town Defendants, except for three claims against the Town in the Tenth Cause of Action of his Third Amended Complaint ("Complaint"), which was filed contemporaneously with the Stipulation. (A.138-51; A.177-78 at ¶¶17, 19.) The parties also agreed that the Town would submit to the New York Department of State ("DOS") the question of whether, and to what extent, Town Code § 82 is legally enforceable under N.Y.S. Executive Law Article 18 and/or the N.Y.S. Fire Prevention and Building Code ("Uniform Code"). (A.166 at ¶6(b); A.189-92.) If the DOS made such a determination, the parties agreed to be bound by it. (A.167 at ¶6(c).) However, if the DOS failed to make such a determination, then Norton "shall be entitled to"[3] submit the issue to "the Court" for a declaratory ruling. (A.168 at ¶6(e)(i).)[4] The Town also agreed that:

---

[3] It is of note that, as to each of Norton's three remaining claims, the Stipulation states that he is "entitled" to make a declaratory judgment motion, not that he is merely "allowed" to make such a motion. "Entitled" implies that this was a right that could not be stripped from him, as the lower court did here.

[4] On August 31, 2020, the DOS responded to the Town's submission, declining to make a determination. (A.221-29.)

- it would, "consent to and shall not oppose, by motion or otherwise, Plaintiffs filing and service of the proposed Third Amended Complaint, which related to the Town's failure to properly pass its Town Code § 82 under the mandates of New York General Municipal Law § 239-m". (A.169-70 at ¶7(a).)

- "Plaintiff shall be entitled to, but is not required to, submit to the Court a motion for a declaratory judgment seeking a determination of the issue of the extent to which Town Code § 82: constitutes a lawful exercise by the Town of the Town's powers pursuant to the requirements of N.Y.S. General Municipal Law § 239-m ("239-m Determination")". (A.170-71 at ¶7(c).)

- "If the Court declines to, in whole or in part(s), issue its 239-m Determination on the merits, Plaintiff shall be entitled to, but is not required to submit to a State Court a motion for a declaratory judgment seeking a 239-m Determination". (A.171 at ¶7(d).)

- "[f]or the purposes of this matter and the Stipulation, and of any action to enforce this Stipulation, Plaintiff and Town Defendants consent to: a) the Court's exercise of subject matter jurisdiction over this matter and Stipulation…" (A.184 at ¶34.)

- "[i]t is the intention of the Parties to this stipulation, and the plea of the aforesaid Parties to the Court, that the Court interpret as broadly as possible its authority to retain jurisdiction over all matters raised by the above-captioned matter that have not been resolved by this Stipulation." (A.187 at ¶43.)

On October 16, 2017, the parties presented the final Stipulation to Judge Brown, who said, "This is a case which we're settling a case in part by amending the law. You know, I think all of you know I get involved in settlements pretty deeply, I try to come up with every creative solution that I can think of. I've never done this before. So this is, this is cutting edge stuff...This is, it's big." (A.71-72.)

At the October 16, 2017, conference, the County, which was then a party, explained it was contemplating filing a Rule 12 motion to dismiss the Complaint insofar as it applied to it.[5] The court asked if the Town Defendants would be reserving their rights to file a motion to dismiss as well. The Town Defendants said they were not, and consented to the court's jurisdiction over the new Complaint:

> THE COURT: All right. So I'll note that for today's purpose the amended complaint is filed on consent, and that's so-ordered. The County, and I presume the Town, are you reserving your Rule 12 rights on the new complaint?
>
> MS. LEAHEY: No, we're not, Your Honor, because we are agreeing to allow this to be filed as part of the settlement.

---

[5] On March 1, 2019, the County filed a FRCP Rule 12(c) motion to dismiss the Complaint. Dkt. 121. On January 21, 2020, the court granted the County's motion. (A.203, *et seq.*)

THE COURT: Fair enough. So, but the County will have 45 days to move or otherwise respond to that amended complaint, yes?

MR. MITCHELL: Yes, thank you, Judge.

MS. LEAHEY: Just to clarify, the amended complaint raises one new issue which is whether the Town violated general Municipal Law 239M, and that issue is one of the issues reserved for litigation if Mr. Norton so chooses to do so.

THE COURT: Okay.

MS. LEAHEY: So we would be contesting that there was a 239M violation, but we've agreed to do that in the confines of the settlement.

THE COURT: And I presume that's all under ancillary jurisdiction, is that the notion?

MS. LEAHEY: Yes, Your Honor.

THE COURT: Okay. Technically speaking that's probably a question for Judge Spatt. But I'm going to say that to the best of my knowledge of him, which is fairly extensive, I can't imagine he's going to have a problem with that given the amount. How far down the road we've gone, right, on this case. I think we're okay with that, so I don't think there's going to be a problem.

MS. LEAHEY: Okay.

MR. MESSINA: Your Honor, I just want to, I don't know if this makes a difference or anything, but to the extent in the agreement we opine unto the Court to, you know, to try to keep jurisdiction if that's what your, you know, the intent of it is to hope that the Court will –

THE COURT: Got it.

MS. LEAHEY: Right.

(A.69-70.) Judge Brown issued an Order consistent with the Town Defendants' representations at the conference, setting a motion schedule only for the County to move to dismiss. (A.11.)

On October 18, 2017, two days after the hearing with Judge Brown, Judge Spatt so-ordered the Stipulation, including the portions relating to the retention of jurisdiction. (A.188.)

## ARGUMENT

### I.  Standard of Review

This Court reviews *de novo* a district court's grant of a motion to dismiss under FRCP 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. Caro v. Weintraub, 618 F.3d 94, 97  (2d Cir. 2010); Arar v. Ashcroft, 585 F.3d 559, 567 (2d Cir. 2009). To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### II.  Portions of Order to Which no Objection is Made

Norton does not object to the portions of the Order that found the Town Defendants' motion should be treated as a motion for judgment on the pleadings,

that the Town Defendants' motion should be denied with respect to the argument that the lower court lacked subject matter jurisdiction, and that Norton's claims accrued after he had been criminally prosecuted.

## III. The District Court Incorrectly Held That the Statute of Limitations on Norton's GML § 239-M Claim Expired

GML § 239-m requires cities, towns, and villages to refer the adoption or amendment of certain zoning laws to the county planning commission before the adoption or amendment of such laws. GML § 239-m. The county planning commission must review the proposed law for, *inter alia*, "intercommunity or county-wide considerations." GML § 239-m(4)(a). After performing its review, the county planning commission must "recommend approval, modification, or disapproval, of the proposed action, or report that the proposed action has no significant county-wide or inter-community impact." Id. After receiving the county planning commission's report, the local board can then act on the proposed law. However, if the county planning commission recommends modification or disapproval of the proposed law, then the local board cannot pass the law without a vote of a majority plus one of all its members. GML § 239-m(5).

Norton alleges that GML § 239-m applied to the Town's enactment of, and subsequent amendments to, Town Code Ch. 82, and that the Town failed to comply with the referral requirements of GML § 239-m. (A.101 at ¶142; A.145-46 at ¶¶386-88, 391; A.147 at ¶396; A.148 at ¶402; A.170-71 at ¶7(c).)

9

## A. District Court Adopted R&R's Determinations on the GML § 239-m Statute of Limitations Without Analysis

Regarding the timeliness of Norton's GML § 239-m claim, the Order simply states, "Judge Shields already addressed Plaintiff's arguments regarding the statute of limitations. The Court agrees with Judge Shields's well-reasoned analysis of this issue." (A.265.) Therefore, the rationale for the Order's holding on the statute of limitations is found in the R&R.

Before Judge Shields, Town Defendants argued that a four-month statute of limitations applies to Norton's GML § 239-m challenges, and that Norton's declaratory judgment claims were therefore untimely. In opposition, Norton asserted that the Town's enactment of, and subsequent amendments to, Town Code Ch. 82 were jurisdictionally defective, and that in such circumstances no statute of limitations applies. Judge Shields held that some statute of limitations (either four months or six years) applies to Norton's GML § 239-m challenge. In reaching this conclusion, the R&R found that caselaw supports both parties' positions, but that an "apparent split within the departments of the Appellate Division" on this issue has not been addressed by the New York State Court of Appeals. (A.259-60.) The Magistrate concluded that, in her view, "the line of cases finding that claims such as Plaintiff's are subject to a statute of limitations is of more sound reasoning" and that "Norton's GML § 239-m claim is therefore untimely." (A.260-61.) For the reasons

stated below, this Court should find that Judge Azrack's Order, which relies on the R&R's analysis, was incorrect, and that Norton's GML § 239-m claim is timely.

### B. Brookhaven's Town Board Lacked Jurisdiction to Enact or Amend Ch. 82

Norton's Complaint alleges that the Town failed to abide by the referral mandates of GML § 239-m. (A.145 at ¶387.) The Order does not find otherwise.[6]

New York's Appellate Division, Second Judicial Department, which encompasses Brookhaven, has consistently held that a municipality's failure to properly refer a full statement of proposed action to the county planning commission as required by GML § 239-m is a jurisdictional defect that renders the Town Board powerless to enact a proposed law or ordinance. See, e.g., Matter of Save Harrison, Inc. v Town/Village of Harrison, NY, 168 A.D.3d 949, 953-54 (2d Dep't 2019); Matter of Calverton Manor, LLC v. Town of Riverhead, 160 A.D.3d 842, 844-45, (2d Dep't 2018); Matter of 24 Franklin Ave. R.E. Corp. v. Heaship, 139 A.D.3d 742-74 (2d Dep't 2016); Matter of EMB Enters., LLC v. Town of Riverhead, 70 A.D.3d 689-90 (2d Dep't 2010); Annabi v. City Council of Yonkers, 47 A.D.3d 856-57 (2d Dep't 2008); Matter of LCS Realty Co. v Incorporated Vil. of Roslyn, 273 A.D.2d 474-75 (2d Dep't 2000), lv denied 96 N.Y.2d 705 (2001); Zelnick v. Small, 268

---

[6] The R&R, which was adopted wholesale by the district court on the statute of limitations issue, states that Norton had to "show", rather than allege, a jurisdictional defect. This issue is addressed in section IV, *infra*.

A.D.2d 527, 529 (2d Dep't 2000); Ernalex Constr. Realty Corp. v. City of Glen Cove, 256 A.D.2d 336-38, (2d Dep't 1998); Burchetta v. Town Bd. of Carmel, 167 A.D.2d 339, 341 (2d Dep't 1990); Zagoreos v. Conklin, 109 A.D.2d 281, 286 (2d Dep't 1985).

The third and fourth departments agree. Coal. for Cobbs Hill v. City of Rochester, 194 A.D.3d 1428, 1436 (4th Dep't 2021); Matter of Fichera v. N.Y. State Dep't of Envtl. Conservation, 159 A.D.3d 1493, 1495-96 (4th Dep't 2018); Ferrari v. Penfield Planning Bd., 181 A.D.2d 149, 152-53 (4th Dep't 1992); Asma v. Curcione, 31 A.D.2d 883-84 (4th Dep't 1969); Matter of Weinstein v. Nicosia, 32 Misc. 2d 246, 247-50 (Sup. Ct. Erie Co. 1962), aff'd Weinstein v. Nicosia, 18 A.D.2d 881 (4th Dep't 1963); Matter of Lamar Advert. of Penn, LLC v. Vill. Of Marathon, 24 A.D.3d 1011, 1012-13 (3d Dep't 2005); Matter of Frigault v. Town of Richfield Planning Bd., 107 A.D.3d 1347, 1352-53 (3d Dep't 2013).

Thus, there is no question that the Town's failures to properly refer Ch. 82 to the Suffolk County Planning Commission deprived the Town Board of jurisdiction to enact or amend Ch. 82.

**C.    Because there was a Jurisdictional Defect, no Statute of Limitations Applies**

**1.    *Where the Town Board acts Without Jurisdiction, the Statute of Limitations does not Apply***

Ample caselaw establishes that no statute of limitations applies when a law is passed with a jurisdictional defect. The second department has repeatedly held that because a jurisdictionally defective passage is null from the start, no statute of limitations applies to the challenge of such a law. See, e.g., S. Shore Audubon Soc'y, Inc. v. Bd. of Zoning Appeals, 185 A.D.2d 984, 985. (2d Dep't 1992) (failure to comply with GML § 239-m "constituted a jurisdictional defect" which tolls the statute of limitations); Eastport All. V. Lofaro, 13 A.D.3d 527, 529 (2d Dep't 2004) ("where a local land use agency acts without jurisdiction in approving or denying a site plan, special permit, or other land use application, a challenge to such an administrative action, as ultra vires, is not subject to the 30-day limitations period applicable to review of the site plan, special permit, or other land use determination"); Nager v. Saddle Rock, 140 Misc.2d 644, 646 (Sup. Ct. Nassau Co. 1988), aff'd 160 A.D.2d 785 (2d Dep't 1990); see also Eiseman v. Inc. Vill. of Bellport, 2020 NY Slip Op 31941(U), ¶¶6-7 (Sup. Ct. Suffolk Co.) (internal citations omitted) (holding Bellport's rental registration local law "null and void" based upon the village's failure to refer the law to the county planning commission before its enactment, "a jurisdictional defect … which render's the law's adoption invalid").

The fourth department has come to the same conclusion. "[W]here, as here, there is a jurisdictional defect, "the statute of limitations does not begin to run upon the filing of [the] jurisdictionally defective document." Matter of Fichera v. NY; State Dep't of Envtl. Conservation, 159 A.D.3d 1493, 1496 (4th Dep't 2018). *See also*, Ferrari v. Penfield Planning Bd., 181 A.D.2d 149, 152 (4th Dep't 1992); Asma v. Curcione, 31 A.D.2d 883, 884 (4th Dep't 1969); Matter of Weinstein v. Nicosia, 32 Misc. 2d 246, 249-250 (Sup. Ct. Erie Co. 1962), aff'd 18 A.D.2d 881 (4th Dep't 1963).

That non-compliance with GML § 239-m nullifies the local law should come as no surprise to the Town. It has been held to be in violation of GML § 239-m on multiple occasions in the past. See, e.g., Old Dock Assocs. V. Sullivan,150 A.D.2d 695, 697 (2d Dep't 1989) ("Since the Town Planning Board failed to comply with this legislative mandate which is jurisdictional in nature, the action of the Town Planning Board in approving Route 347's site plan was of no effect"); Matter of Roanoke Sand & Gravel Corp. v. Town of Brookhaven, 24 A.D.3d 783, 785 (2d Dep't 2005) (if the Town Board failed to comply with GML § 239-m, then it was "without jurisdiction" to enact the ordinance, making it "null and void"); Long Island Pine Barrens Soc'y, Inc. v. Town of Brookhaven Town Bd., 927 N.Y.S.2d 817, 817 (Sup. Ct. Suffolk Co. 2011) (Town's failure to refer proposed zone change amendments to County Planning Commission violated GML § 239-m, rendering

Town Board without jurisdiction to approve the changes); In re Suffolk Reg'l Off-Track Betting Corp., 542 B.R. 72, 86 (Bankr. E.D.N.Y. 2015) (failure to comply with the terms of GML § 239-m is a jurisdictional defect that renders subsequent action of the local government void). See also, Amerada Hess Corp. v. Acampora, as Supervisor of the Town Board of the Town of Brookhaven, 109 A.D.2d 719, 722 (2d Dep't 1985) ("no period of limitation at all is applicable to an action for a declaratory judgment in cases involving a continuing harm, such as the application of an invalid statute") (quoting 1 Weinstein-Korn-Miller, NY Civ Prac ¶213.02) and Davis v Rosenblatt, 159 A.D.2d 163, 168 (3d Dep't 1990), appeal dismissed 77 N.Y.2d 834, lv denied 79 N.Y.2d 757, appeal dismissed 79 N.Y.2d 822 (1991) (quoting Weissman v Evans, 56 N.Y.2d 458, 463 (1982) (following Amerada Hess)).

## 2. The R&R is Incorrect that a "Split" Exists on this Issue

The R&R found that a "line of cases supports the Town's position" that "the claim is subject to a statute of limitations". (A.259.) However, none of the five cases relied upon by the Magistrate establishes that a statute of limitations applies when a jurisdictional defect, as opposed to a procedural defect, was alleged. Each is discussed below.

McCarthy v. Zoning Bd. of Appeals, 283 A.D.2d 857, 857 (3d Dep't 2001), did not involve a GML § 239-m violation. Instead, the zoning board of appeals denied the petitioner's request for a variance after which petitioner commenced a

CPLR Article 78 proceeding, alleging "the zoning ordinance is illegal and invalid because it was neither properly entered in the minutes of the Town Board nor properly published and posted in accordance with Town Law § 264". <u>McCarthy</u>, 283 A.D.2d at 857.

Similarly, <u>P&N Tiffany Props., Inc. v. Village of Tuckahoe</u>, 33 A.D.3d 61 (2d Dep't 2006), involved "whether the Village complied with the notice requirements of Village Law § 21-2100". <u>P&N Tiffany Props., Inc</u> 33 A.D.3d at 63. The second department unsurprisingly held such a failure was not jurisdictional. <u>Id.</u> at 65. GML § 239-m was not involved at all.

<u>Janiak v. Town of Greenville</u>, 203 A.D.2d 329, 331 (2d Dep't 1994) was another case that did not involve GML § 239-m. While <u>Janiak</u> considered whether a local law was "an invalid legislative enactment exceeding the authority", there is no mention in <u>Janiak</u> that the plaintiff argued that a lack of jurisdiction affected the statute of limitations, and the court did not address that issue. While <u>Janiak</u> said in dictum that a six-year statute of limitations applies, the case was brought within six years, meaning statute of limitations' applicability was not central to the case or the holding. <u>Janiak</u>, 203 A.D.2d at 331.[7]

---

[7] To the extent that <u>Janiak v. Town of Greenville</u>, 203 A.D.2d 329 might be read to impose a statute of limitations to a declaratory judgment challenging the constitutionality of a local law, it should not be followed. *See e.g.,* <u>New York State Rifle & Pistol Assn., Inc. v. Bruen</u>, 142 S. Ct. 2111 (2022) (striking down, as unconstitutional, a New York law enacted in 1905); <u>Williams v. Illinois,</u>

In <u>Matter of Smith v. Town of Plattekill</u>, 13 A.D.3d 695, 696 (3d Dep't 2004), the court held, "our conclusion that the ZBA exceeded its power in treating the amendment as invalid ends the inquiry because, under the clear and unambiguous language of the ordinance, the use sought by the variance applicant was not permitted." <u>Matter of Smith</u>, 13 A.D.3d at 697. <u>Smith</u> thus stands for the unremarkable proposition that a zoning board of appeals has no authority to question the legality or constitutionality of a law that was never "judicially or legislatively invalidated." <u>Id</u>. <u>Smith</u> was not a statute of limitations case, and its statutes of limitations comments were dicta.

Finally, in <u>Stankavich v. Town of Duanesburg Planning Board</u>, 246 A.D.2d 891 (3d Dep't 1998), the petitioner did not "seek to test the constitutionality or validity of the zoning ordinance". <u>Stankavich</u> alleged two special use permits "were invalid due to respondent's failure to comply with General Municipal Law § 239-m." <u>Stankavich</u>, 246 A.D.2d at 891-92. The court held that the proceeding was untimely under the 30-day statute of limitations specified in Town Law § 274-a (11)[8]. Town Law § 274-a applies exclusively to challenges to site plan

---

399 US 235, 239 (1970) ("neither the antiquity of a practice nor the fact of steadfast legislative and judicial adherence to it through the centuries insulates it from constitutional attack.")

[8] "Any person aggrieved by a decision of the planning board … may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules. Such proceedings shall be instituted within thirty days after the filing of a decision by such board in the office of the town clerk." Town Law 274-b (11).

determinations. Further, since <u>Stankavich</u> at 246 A.D.2d at 893 correctly said "Taking into account that petitioners commenced this proceeding after Cellular One had constructed its facility and failed to safeguard their interests by promptly seeking an injunction, we would, in any event, have found this proceeding barred by laches". <u>Stankavich</u>, 246 A.D.2d at 893. Therefore, no ultimately successful appeal by the petitioner in <u>Stankavich</u> was possible in any event.

As opposed to here, the cases cited by the lower court involved single project determinations: approval of special permits, <u>Stankavich,</u> 246 A.D.2d 891; denial of a variance<u>, McCarthy</u>, 283 A.D.2d 857; denial of site plan approval, <u>Janiak</u>, 203 A.D.2d 329; and approval of a site plan, <u>Hampshire Management Co.</u>, 52 A.D.3d 714. In such cases, the persons with standing to challenge the determination are limited, fixed, and generally entitled to notice. <u>Sun-Brite Car Wash, Inc. v. Board of Zoning Appeals</u>, 69 N.Y.2d 406, 413-14 (1987). Brookhaven's enactment of and amendments to Ch. 82 are not determinations of this sort. In sum, there is no appellate division split. There is no statute of limitations when a local government, such as the Town, through its officers (including its Town Board), engages without jurisdiction in voting acts.

**D.** **Even if There Was an Appellate Division Split, this Court Should Find No Statute of Limitations Applies**

### 1. *Since the Town Lacked Jurisdiction, the Court of Appeals Would Find No Statute of Limitations Had Run*

Contrary to what the R&R says, there is no "split" among New York's appellate divisions on the statute of limitations issue. However, if such a split did exist, the district court must "determine what result the state court would reach if the case had been brought in state court." Brastex Corp. v. Allen Intern., Inc., 702 F.2d 326, 330 (2d Cir. 1983); Calvin Klein LTD v. Trylon Trucking Corp., 892 F.2d 191, 194 (2d Cir. 1989); Kuwait Airways Corp. v. Ogden Allied Aviation Servs., 726 F. Supp. 1389, 1395 (E.D.N.Y. 1989); United Technologies Corp. v. Citibank, N.A., 469 F. Supp. 473 (S.D.N.Y. 1979). The weight of authority shows the New York State Court of Appeals would hold that no statute of limitations applies in this situation. Such a holding represents "the sounder approach." Id. at 480.

The New York State Court of Appeals has held that the failure to strictly comply with the mandates of GML § 239-m deprives a county planning commission of its power to act. In We're Assocs. Co. v. Bear, the court of appeals affirmed a case where the second department held that, when the Nassau County Planning Commission acted in violation of GML § 239-m, it "had no power to do what it did" and "neither the right nor the power" to take the action it took. We're Assocs. Co. v. Bear, 35 A.D.2d 846, 847 (2d Dep't 1970) aff'd 28 N.Y.2d 981, 982 (1971). In King

v. Chmielewski, the court of appeals found that GML § 239-n "explicitly required the Board to refer the application to the County Planning Board for its review, and the Board was powerless to act on the application until it received the County Board's recommendation or until 30 days had expired with no response." King v. Chmielewski, 76 N.Y.2d 182, 188 (1990). The court of appeals has also held that a statute of limitations is not applicable where the municipal resolution is attacked for lack of power. Foy v. Schechter, 1 N.Y.2d 604, 615 (1956).

Since the court of appeals has already found that a county planning commission has no authority to act when GML § 239-m has been violated, and that a local government board is "powerless" to vote on and to pass laws where no proper GML § 239-m referral by the local government to the county planning commission was made before the vote took place, then it is safe to conclude that it would find Ch. 82 was void from the start and that no statute of limitations applies to Norton's challenge.

### 2. When Determining Which Department to Follow, This Court Should Follow the Second Department

When confronted with conflicting appellate divisions within one state, a federal court should follow the same common law that would apply to the state court in the geographic location where the federal court sits. "In this Court's view Erie [R. Co. v. Tompkins,] (as amplified in Klaxon Co. v. Stentor Electric Manufacturing Co.,) demands adherence to the Illinois 'internal' choice of law rule that binds a state

trial court to the decisions of the Appellate Court *in its own district* when the Appellate Courts diverge." <u>Abbott Labs. V. Granite State Ins. Co.</u>, 573 F. Supp. 193, 195 (N.D. Ill. 1983) (emphasis in original) (citations omitted).

While this case is not binding, it was considered favorably by Judge Raymond Dearie in <u>Kuwait Airways Corp.</u>, 726 F. Supp. at 1400 fn. 14. Taking this approach avoids a bizarre outcome that could confront Norton here – the Stipulation gives Norton the right to go to a state court for a GML § 239-m determination if the district court declines to "in whole or in part(s)", issue a 239-m Determination "on the merits." (A.171 at ¶7(d).) However, if Norton elected to take that step, then it is possible that the claim he is "entitled" to bring to the state court could be barred by the *res judicata* effect of the R&R's holding on the statute of limitations, even though the Suffolk County Supreme Court would adjudicate the statute of limitations question per the precedent of the second department, which unquestionably holds that no statute of limitation applies. Thus, "the sounder approach" counsels following second department precedent, which would avoid this result.

### E. If this Court Believes that a "Split" Exists on the Statute of Limitations Issue, it Should Certify Questions to New York's Court of Appeals

The foregoing demonstrates that the New York State Court of Appeals would not issue a ruling allowing municipalities to readily circumvent their duties under GML § 239-m. However, should this Court believe the statute of limitations issue is

sufficiently uncertain, it should certify questions to the New York State Court of Appeals under Second Circuit Local Rule 27.2 and 22 N.Y.C.R.R. § 500.27.

Before certifying questions to the New York State Court of Appeals, this Court first "must answer three others: (1) whether the New York State Court of Appeals has addressed the issue and, if not, whether the decisions of other New York courts permit us to predict how the Court of Appeals would resolve it; (2) whether the question is of importance to the state and may require value judgments and public policy choices; and (3) whether the certified question is determinative of a claim before us." Griffin v. Sirva Inc., 835 F.3d 283, 294 (2d Cir. 2016). Here, all those questions are answered in the affirmative.

First, the court of appeals has not directly addressed the questions in this case.[9] However, as set forth above, the myriad of decisions from lower New York courts is a predictor of the way in which the court of appeals would rule. (See section III(c), *supra*.) Second, this question is of importance to the state and involves value judgments and public policy choices because it speaks to the limits that the state chooses to place on various branches of local government which are closest to the people and make important decisions that directly citizens' day-to-day lives (e.g., change of a zoning designation in a neighborhood or limits on the local

---

[9] While the court of appeals affirmed the second department's ruling in We're Assocs. Co. v. Bear, 35 A.D.2d 846, 847 (2d Dep't 1970), that case pertained to a county planning commission's actions, not those of a local municipality.

22

government's powers to regulate what people do with their own property). Finally, the certified questions would be determinative of the claim before this Court because they would dictate whether or not Norton's GML ¶239-m claim can be brought. Therefore, this Court should certify the following questions to the court of appeals:

1) Does a statute of limitations apply to the challenge of local zoning laws which are not passed in conformance with GML § 239-m?

2) If a statute of limitations applies, is it the four-month limitation of CPLR § 217(1) for a proceeding against body or officer or the six-year limitation of CPLR § 213(1) for an action for which no limitation is specifically prescribed by law?

## F. The R&R is Incorrect that Norton Could have Brought this Action as an Article 78 Proceeding

An Article 78 proceeding is unavailable to Norton because he has alleged that passage of Ch. 82 without compliance with GML § 239-m was unconstitutional. (A.99 at ¶127, A.145-46 at ¶¶385-88, 391, A.148 at ¶402.)[10] Amerada Hess Corp., 109 A.D.2d at 720, 722; Overhill Bldg. Co. v. Delany, 28 N.Y.2d 449, 458 (1971) ("article 78 proceedings continue to be inappropriate vehicles to test the constitutionality of legislative enactments and respondent's remedy is an action for a declaratory judgment"); Matter of Kovarsky v. Hous. & Dev. Admin. of City of

---

[10] Article IX, Section 2(d) of the New York Constitution states, "a local government shall not have power to adopt local laws which impair the powers of any other local government". In enacting GML § 239-m, New York's Legislature determined that counties shall have input to, and a limited veto authority over, certain local zoning determinations. Since Brookhaven's Town Code Ch. 82 laws were enacted without making the required referrals to the Suffolk County Planning Commission, the Ch. 82 laws impaired legislatively-granted county power, and are therefore unconstitutional under the New York Constitution.

N.Y., 31 N.Y.2d 184, 191 (1972) ("a proceeding under article 78 is not the proper vehicle to test the constitutionality of legislative enactments", instead, a declaratory judgment, as here, is appropriate.); Bloom v. Mayor of City of New York, 35 A.D.2d 92, 97 (2d Dep't 1970), aff'd, 28 N.Y.2d 952 (1971) ("in a declaratory judgment action the court may not only review the constitutionality of the statute, but also determine whether a public official acted in regard to the statutory standard, or in excess of the grant of authority, or in violation of due process"); Lakeland Water Dist. v. Onondaga Ct'y Water Auth., 24 N.Y.2d 400, 408 (1969) (where there is no provision for quasi-judicial review, the challenge is to "a legislative act not subject to article 78 review").

The R&R cited three cases in support of the proposition that Norton could have brought this challenge in a CPLR Article 78 proceeding. However, none of those cases are analogous to this one.

First, the R&R cited Save the Pine Bush v. City of Albany, 70 N.Y.2d 193, 202 (2009) for the proposition that, "when the challenge is directed not at the substance of the ordinance but at the procedures followed in its enactment, it is maintainable in an article 78 proceeding", and impliedly must be commenced within four months of accrual. (A.258.) However, Save the Pine Bush did not involve an alleged violation of GML § 239-m. It involved the Albany Common Council's failure to follow the procedures required by New York's State Environmental

Quality Review Act ("SEQRA"). "Matter of Save the Pine Bush []is thus understood to have established a dichotomy between issues addressed to the substance of the law or its constitutionality, as to which a declaratory judgment action is appropriate, and issues that arise from the procedures by which the law was enacted, which may be raised in a CPLR article 78 proceeding". P&N Tiffany Props., Inc., 33 A.D.3d at 64. A fundamental lack of authority to vote on a certain matter in the first instance goes beyond a mere "procedural" defect. Just as a court's order issued without jurisdiction is void ab initio, the Town's votes on Ch. 82 were void from the start as well. No "procedural" change in how it conducted these votes could have conferred jurisdiction upon it. Therefore, the defects here are fundamental and go beyond those that are merely procedural.

Important as the procedures involved in Save the Pine Bush are, the procedures involved interests peripheral to the validity of the local law itself. Sun-Brite Car Wash, Inc. v. Board of Zoning Appeals, 69 N.Y.2d 406, 414-15 (1987).

Second, as detailed above, P&N Tiffany Props., Inc. v. Village of Tuckahoe, 33 A.D.3d 61 (2d Dep't 2006) involved, "whether the Village complied with the notice requirements of Village Law § 21-2100". Id. at 63. The second department held such a failure was not jurisdictional. Id. at 65. GML § 239-m was not involved at all. Third, Matter of Llana v. Town of Pittsford, 234 A.D.2d 881 (3d Dep't 1996), revolved around a number of procedural rules that the Town of Pittsford had

allegedly failed to follow. <u>Matter of Llana</u>, 234 A.D.2d at 883. However, there was no allegation that Pittsford failed to comply with GML § 239-m. Therefore, none of these cases are applicable here.

### G. Even if a Statute of Limitations does Exist, Norton's Claim is Timely

The R&R found that Norton's claim accrued after he was criminally prosecuted. (A.256.) However, the R&R (and the district court when relying on the R&R's analysis) failed to determine whether the proper statute of limitations was four months per CPLR § 217 or six years per CPLR § 213(1).[11] If this Court determines that a statute of limitations applies, then it should determine that the six-year statute is the appropriate one, and that Norton's claims are timely.

It is axiomatic that Norton could not have challenged the constitutionality or validity of the Ch. 82 laws that he was charged with violating until after he was charged with violating them. This point was acknowledged by the R&R, in addressing the Town Defendants' claim that Norton lacked standing:

> The Town also challenges Plaintiff's standing to assert the within claims for declaratory relief on the grounds that he has not alleged in injury in fact that is actual or imminent. (Def. Mem. of Law in Supp. 12.) However, as Plaintiff points out, Judge Spatt already considered and rejected this same argument in 2014, finding that 'since Plaintiff seeks declaratory relief after he has been criminally prosecuted as a result of the practices he challenges, his

---

[11] Although the R&R discussed the availability of an Article 78 challenge, it did not hold that an Article 78 was the appropriate method by which Norton should challenge Ch. 82.

claim is ripe for adjudication.' Accordingly, Plaintiff's
standing has already been established.

(A.256.) (internal citation omitted.) This complies with United States Supreme Court

precedent, which holds that a declaratory judgment can only be requested when an

"actual controversy" exists. Pub. Serv. Com. v. Wycoff Co., 344 U.S. 237, 241

(1952), and with New York State Court of Appeals precedent holding that a claim

accrues, for statute of limitations purposes,

at the time the injury is sustained. To hold that it somehow
came into being prior thereto would defy both logic and
experience. It is all but unthinkable that a person should
be time-barred from prosecuting a cause of action before
he ever had one.

Victorson v. 1580 John's Place, Inc., 37 N.Y.2d 395, 403 (1975); CPLR § 203(a).

Since the accrual date of Norton's causes of action has been decided, the next

step is to determine the appropriate statute of limitations. As the New York State

Court of Appeals has set forth, in order to determine the question of what statute of

limitations applies to a declaratory judgment,

…it is necessary to examine the substance of that action to
identify the relationship out of which the claim arises and
the relief sought…If that examination reveals that the
rights of the parties sought to be stabilized in the action for
declaratory relief are, or have been, open to resolution
through a form of proceeding for which a specific
limitation period is statutorily provided, then that period
limits the time for commencement of the declaratory
judgment action. If no other form of proceeding exists for
the resolution of the claims tendered in the declaratory

27

> judgment action, the six-year limitation of CPLR 213
> (subd 1) will then be applicable.

Solnick v. Whalen, 49 N.Y.2d 224, 229-30 (1980) (internal citations omitted). New York law provides no specific proceeding to challenge whether GML § 239-m has been complied with. In contrast, New York's Legislature has specified both a statute of limitations and an accrual date for challenges to site plan determinations (Town Law § 274-a (11)), special permit determinations (Town Law § 274-b (9)), and variance determinations (Town Law § 267-c (1)). It has also specified that challenges to these three types of determinations must be brought in an Article 78 proceeding. In stark contrast, neither the remainder of the New York Town Law nor GML § 239-m contain any such limitations period for challenges testing the constitutionality or validity of a local zoning law. *See* Town of Riverhead v. New York State Bd. of Real Prop. Servs., 5 N.Y.3d 36, 42-43 (2005) ("where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded").

The New York State Court of Appeals has observed the sound policy reasons for the short statutes of limitations attending zoning determinations affecting an individual project. Red Hook/Gowanus Chamber of Commerce v. New York City Bd. of Stds. and Appeals, 5 N.Y.3d 452, 460 (2005) (short statutory period "balances powerful competing interests — allowing for citizen challenges on the one hand,

while recognizing the urgency of private interests involving substantial financial investment on the other"). The Legislature's decision not to provide a short statute of limitations for GML § 239-m challenges to zoning laws of general applicability (GML § 239-m[3][ii]) was undoubtedly "the product of a painstaking balance of interests", including "the burdens to be imposed on innocent plaintiffs". <u>Morales v. County of Nassau</u>, 94 N.Y.2d 218, 224 (1999). The lower court's order upsets that balance.

In light of the above, even if this Court were to determine that all the New York cases holding that no statute of limitations applies to GML 239-m challenges were wrongly decided, at most the six-year "catch all" limitation of CPLR § 213(1) would be applicable. When applying the six-year limitation to this case, Norton's claims were timely. The Ch. 82-based criminal charges against Norton were dismissed in 2012. (A.121 at ¶263.) The Ch. 82 claims in his Complaint, which was filed in October 2017, followed less than six years later.

## H. Even if a Statute of Limitations does Exist, Norton's Challenge Still Survives as to Some Portions of Ch. 82

The Order states, "with respect to Plaintiff's argument that he should be allowed to challenge certain portions of Chapter 82 that were amended after its enactment in 1999 because they are not time-barred, the Court finds this argument is without merit. The portions of the code that Plaintiff challenged in his Complaint

were enacted in 1999. To the extent, Plaintiff attempts to add new allegations regarding other portions of the code, the Court declines to consider them." (A.265.) This statement is incorrect.

First, Norton did not limit his allegation of non-compliance with GML § 239-m to certain "portions" of the code, as was stated in the Order. To the contrary, the Complaint alleges that all of the post-1999 Ch. 82 zoning laws failed to comply with GML § 239-m:

> the Town has been required at least from 1999 forward to, as a precondition to its becoming authorized to pass and to enforce any Town Code Ch. 82 zoning law(s), comply with the notice and referral requirements of New York General Municipal Law § 239-m, but has failed to do so…

(A.145 at ¶387.) Furthermore, the Stipulation reflects that Norton's GML § 239-m allegations relate to all of Ch. 82, not just certain portions: "Town Defendants consent to and shall not oppose, by motion or otherwise, Plaintiff's…Third Amended Complaint, which contains… the following claim: that the Town was required to, but has failed to, submit properly pursuant to New York General Municipal Law 239-m, its Town Code Ch. 82 to the Suffolk County Planning Commission, so that the Suffolk County Planning Commission could have had the opportunity to issue any recommendations, accompanied by a statement of the reasons for such recommendations, before the Town passed its many Town Code Ch. 82 local laws and/or ordinances." (A.169-70 at ¶7(a).)

Also, Town Defendants would not have filed as part of their motion to dismiss 2002, 2003, 2007, 2009, and 2010 correspondence sent and received relative to passage of Ch. 82 and its amendments (A.275-80) if Norton's § 239-m claim was limited to the 1999 version of Ch. 82.

Finally, the fact that Town Defendants consented to the amendment adding the GML § 239-m claim indicates they believed Norton's claim was not limited to the 1999 Ch. 82 version and thus barred by the statute of limitations. More importantly, the lower court allowed Norton to add his GML § 239-m claim in 2017. Judge Spatt would not have done so if the claim was barred by the statute of limitations. "[T]he district court did not abuse its discretion by concluding that any further amendment would be futile. See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) ('Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations.')." Levy v. BASF Metals Ltd., 755 F. App'x 29, 31 (2d Cir. 2019).

When analyzing the dates that various Ch. 82 amendments were enacted[12], it is evident that numerous amendments to Ch. 82 were enacted within six years of the filing of the Complaint, and at least one was made within four months of the filing.

---

[12] This Court can take notice of the dates that the various Ch. 82 amendments were passed and filed with the New York Secretary of State, as the same have been published by the Town. (A.193-200); local laws referenced in Complaint ¶396 (A.147), to wit: 82-10(C) did not exist until L.L. 22 of 2013, 82-10(C), 82-10(D), 82-10(F), 82-10(D)(5), 82-10(E) did not exist until L.L. 41 of 2010, 82-8(D) did not exist until L.L. 22 of 2002. The notes on A.193-200 were made by then-Magistrate Judge Brown.

Therefore, even if this Court was to find that a statute of limitations of six years or

four months should be applied, some of Norton's GML § 239-m claims survive.

## IV. District Court Incorrectly Held that Norton Must Prove His Allegations on a Motion to Dismiss, Rather than Accepting His Allegations as True

When analyzing whether a statute of limitations was applicable to Norton's

GML §239-m claim, the R&R states:

> Moreover, while Plaintiff cites to <u>Nager v. Inc. Vill. of Saddle Rock</u>, 140 Misc. 2d 644 (Sup. Ct. 1988), for the proposition that where plaintiffs "show a jurisdictional defect," they "avoid the bar of the Statute of Limitations," (Pl. Mem. of Law in Opp'n 13-14), Plaintiff appears to overlook more recent case law from the Appellate Division, Second Department, wherein the Court states that "it is a jurisdictional defect itself which renders agency action void and tolls the statute of limitations, not merely an allegation of such a defect." <u>Hampshire Mgmt. Co. v. Feiner</u>, 52 A.D.3d 714, 715 (2d Dep't 2008) (emphasis added).

(A.260.)

Because the district court's Order contains no other analysis or examination

of the statute of limitations issue, it is apparent that the district court accepted the

R&R's holding that Norton must *prove* a jurisdictional defect to survive a motion to

dismiss. This holding runs counter to black-letter law, which states that facts alleged

in a complaint must be taken as true for purposes of a motion to dismiss. *See, e.g.*,

<u>Overstreet v. N. Shore Corp.</u>, 318 U.S. 125, 127 (1943); <u>Gardner v. Toilet Goods</u>

<u>Ass'n</u>, 387 U.S. 167, 172 (1967); <u>Los Angeles v. Preferred Commc'ns, Inc.</u>, 476 U.S.

488, 493 (1986); <u>Anza v. Ideal Steel Supply Corp.</u>, 547 U.S. 451, 453 (2006);

<u>Hughes v. Nw. Univ.</u>, 142 S. Ct. 737, 740 (2022). Therefore, this holding is plainly

erroneous. This alone is basis for this Court to overturn the Order.

**V.      Estoppel on GML § 239-m Claim**

### A.      Lower Court Misapplied the Stipulation, Allowing the Town Defendants to Make Arguments they Should not Have Advanced

When analyzing Norton's arguments regarding estoppel, the Order found that,

"While the Stipulation allows Plaintiff to bring a motion for a declaratory judgment

regarding this claim, it does not limit, in any fashion, the defenses or arguments that

the Town could make. Accordingly, the Court finds that the Town was not estopped

from raising its argument regarding the statute of limitations." (A.265.) This holding

reflects fundamental mistakes regarding the posture of the case. The Order is wrong

to the extent it found the Stipulation merely "allows Plaintiff to bring a motion for a

declaratory judgment"; the Stipulation instead says Plaintiff "shall be entitled to"

bring a motion for a declaratory judgment. In any case, he never did. The Town

Defendants moved to dismiss the case before he had the chance. Therefore, even if

it is true that the Town Defendants are not limited in the defenses and arguments it

can raise regarding the statute of limitations (which Norton does not concede), those

defenses and arguments are only available in opposition to a declaratory judgment

motion by Norton – not in support of a motion to dismiss Norton's entire case before

a declaratory judgment motion is filed.

**B.** **Town Defendants' Attempt to Assert a Statute of Limitations Violates Judge Spatt's Order**

Counsel for the Town Defendants executed the Stipulation consenting to Norton's ability to bring a GML § 239-m declaratory judgment motion and affirmed that the Town Board had authorized its signing. (A.188; A.184 at ¶33.) In reliance on these representations, Judge Spatt so-ordered the Stipulation. (A.188.)

Years after Judge Spatt so-ordered the Stipulation memorializing Norton's right to bring a motion for a declaratory judgment regarding his GML § 239-m claims, Town Defendants, in direct conflict with their earlier positions and in-court statements, contend that Norton's GML § 239-m claims are barred by the statute of limitations.

In a letter to the court dated November 13, 2018, Town counsel wrote that the Stipulation provides, "Plaintiff could, but was not required, to seek a declaratory judgment regarding whether 'Town Code Ch. 82: constitutes a lawful exercise by the Town of the Town's powers pursuant to the requirements of New York General Municipal Law §239-m.'" (A.202.)  In addition, at a March 16, 2020, conference, Town counsel said, "there's language in the stipulation that the plaintiff can bring a motion, a dispositive motion on these issues", but that the Stipulation "limits the Town's ability to do so."  (A.219-20.) At that same conference, Town counsel acknowledged that, "The stipulation is very open-ended … and it limits the Town's ability to bring a dispositive motion…". (A.220.)

Town Defendants extracted concessions from Norton based on their representations he could bring his GML § 239-m claims. The Town Defendants thereafter changed course and contend otherwise, in direct violation of the so-ordered Stipulation. This Court should not abet such a transgression. "[A]ll litigants…have an obligation to comply with court orders. When they flout that obligation they…must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

## C. Town Defendants' Attempt to Assert a Statute of Limitations Violates a Consent Decree

The Stipulation is also a consent decree. "A consent decree is essentially a settlement agreement subject to continued judicial policing. Consent decrees typically have two key attributes that make them different from private settlements. First, when a court enters a consent decree, it retains jurisdiction to enforce the decree. In contrast, the parties to a private settlement typically must bring another suit (for breach of contract) to enforce it. Second, a consent decree puts 'the power and prestige of the court behind the compromise struck by the parties.'" Pedreira v. Sunrise Children's Servs., 802 F.3d 865, 871 (6th Cir. 2015) (internal citations omitted). Both attributes are present here: the lower court expressly retained jurisdiction to enforce compliance with the Stipulation's terms (A.161 at (h), (i); A.176 at ¶15; A.181 at ¶28.) and the lower court gave its imprimatur to the Stipulation. (A.188.)

Regarding the interpretation of consent decrees, the Supreme Court has held:

> Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation. Thus the decree itself cannot be said to have a purpose; rather the parties have purposes, generally opposed to each other, and the resultant decree embodies as much of those opposing purposes as the respective parties have the bargaining power and skill to achieve. For these reasons, the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it. Because the defendant has, by the decree, waived his right to litigate the issues raised, a right guaranteed to him by the Due Process Clause, the conditions upon which he has given that waiver must be respected, and the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation.

United States v. Armour & Co., 402 U.S. 673, 681-82 (1971) (internal citations omitted). See also, Perez v. Danbury Hosp., 347 F.3d 419, 424 (2d Cir. 2003) ("[c]onsistent with this narrow construction, we have recognized that courts must abide by the express terms of a consent decree and may not impose supplementary obligations on the parties even to fulfill the purposes of the decree more effectively"); United States v. Int'l Bhd. of Teamsters, 998 F.2d 1101, 1107 (2d Cir. 1993) ("[a] court may not replace the terms of a consent decree with its own, no

36

matter how much of an improvement it would make in effectuating the decree's goals"); <u>EEOC v. N.Y. Times Co.</u>, 196 F.3d 72, 78 (2d Cir. 1999) ("[a]lthough courts have equitable powers to enforce consent decrees, such power exists only to ensure compliance with the decrees' terms.")

"The proper procedure for seeking relief from a consent decree is a Rule 60(b) motion." <u>Hook v. Ariz., Dep't of Corr.</u>, 1992 U.S. App. LEXIS 20465, at *13 (9th Cir. Sep. 1, 1992). The Town Defendants did not bring a motion under FRCP 60(b), and even if they had, no Rule 60(b) grounds existed or exist to modify the Order.

If Town Defendants are allowed to bring a dispositive motion, the terms of the consent decree will become superfluous, in violation of "the presumption that parties to a contract intend every clause to have some effect." <u>City of Hartford v. Chase</u>, 942 F.2d 130, 135 (2d Cir. 1991). This Court should "find it hard to believe that the parties would have gone to such great efforts to draft an order with no practical effect." <u>Id.</u>

Here, the consent decree obliged the lower court to enforce Norton's stipulated right to bring a dispositive motion on his GML § 239-m claim, and to deny Town Defendants' motion, which the Town Defendants were prohibited from making. It did neither. Therefore, this Court should find that the Stipulation was a consent decree and overrule the Order, which relieved Town Defendants from the promises they made therein.

### D. Town Defendants' Attempt to Assert Statute of Limitations is Actually Seeking Reconsideration of Judge Spatt's Order

Town Defendants' argument that the statute of limitations bars Norton's GML § 239-m claims comes years too late. Judge Spatt granted Norton the right to bring a declaratory judgment motion relative to GML § 239-m by so-ordering the Stipulation and accepting the Complaint (which raised GML § 239-m claims) on October 18, 2017. (A.188.) Town Defendants' statute of limitations argument is an attempt to reconsider Judge Spatt's 2017 Order. Under the Local Rules, a movant has 14 days to move for reconsideration. Local Civil Rule 6.3. It cannot wait years, until after the Judge who made the Order has passed, to move, as the Town Defendants did here.

Even if the motion was timely, however, there is no proper reason why this Court should depart from Judge Spatt's order. The state of the case when the Stipulation was so-ordered is essentially the same as it is now, apart from a DOS response having been received. The "remaining" claims now are the same as the "remaining" claims were when the Stipulation was so-ordered. No federal claims have been resolved since and neither the lower court nor Town Defendants point to new evidence, intervening change in controlling law, or clear error that would justify revisiting Judge Spatt's Order.

## VI.  **Court Improperly Dismissed Norton's Town Law § 262 Claim**

The Order states that "all claims alleged in the… Complaint were settled by the Stipulation dated October 18, 2017, except for two aspects of the Tenth Cause of Action for a declaratory judgment against the Town": 1) Norton's Uniform Code Claim, and 2) his GML § 239-m claim. (A.252.) This is incorrect. The Stipulation says, Norton "shall be entitled to[] submit to the Court a motion for a declaratory judgment seeking a determination of the issue of whether, and the extent to which, Town Code Ch. 82 constitutes a lawful exercise by the Town of the Town's powers consistent with the requirements of New York Town Law § 262 ("Rental Code Determination")." [13]   (A.172. at ¶8(a)). The Stipulation also states that  Norton, "shall have the sole discretion and authority to seek a Rental Code Determination. The Town may not request a Rental Code Determination." (A.172. at ¶8(c)).

The court did not address Norton's § 262 claim in its Order. However, by granting Town Defendants' motion and directing the clerk to close the case, it dismissed the § 262 claim with no analysis, and without Town Defendants having even addressed § 262 in their original moving papers.[14]

---

[13] Under Stipulation ¶8(a), Norton may only submit a § 262 declaratory judgment motion if "this Court or a State Court" first finds that at least some of Town Code Ch. 82 was passed in conformity with § 239-m. (A.171 at ¶8.)

[14] In Norton's Objections to the Report & Recommendation, he alerted the lower court to the fact that the Stipulation gave him the right to make a motion regarding § 262.

The lower court should not have dismissed Norton's § 262 claim absent a motion to dismiss it by the Town, and absent an opportunity to brief and argue the issue. See, e.g., <u>Square D Co. v. Niagara Frontier Tariff Bureau</u>, 760 F.2d 1347, 1365 (2d Cir. 1985) (district court has no authority to dismiss complaint for failure to state a claim upon which relief can be granted without giving plaintiff an opportunity to be heard), aff'd, 476 U.S. 409 (1986); <u>Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council</u>, 857 F.2d 55, 65 (2d Cir. 1988) ("[T]he district court erred by granting the motion to dismiss on grounds neither raised nor briefed by the parties."); <u>Lewis v. New York</u>, 547 F.2d 4, 6 n.4 (2d Cir. 1976) ("Failure to afford plaintiffs an opportunity to address the court's sua sponte motion to dismiss is, by itself, grounds for reversal.") Furthermore, even if the Town Defendants had specifically argued that Norton's § 262 claim should be dismissed, they would have been estopped from doing so for the same reasons outlined above. (See section V, *supra*.)

## VII.  Court Improperly Dismissed Norton's Uniform Code Claim

The lower court held that Norton had not challenged the Town's argument as to his Uniform Code claim, and that therefore this claim was "abandoned." (A.265-66.) This holding should be reversed.[15]

---

[15] Since the issue of whether Norton "abandoned" this claim was raised below, Norton has submitted a copy of his "Memorandum of Law in Opposition to Defendants' FRCP Rule 12(c) and FRCP Rule 56 Motion" as part of the Appendix and cites the same herein. (A.230-49.)

40

Norton's Uniform Code claim arises from paragraphs 63, 64, 83, 89, 142, and 385-413 of his Complaint, as amplified and clarified by paragraph 6(e) of the Stipulation. (A.85, A.91-92, A.101, A.145-51; A.167-69.) Paragraph 6(e) provides that, if the DOS does not issue a Uniform Code interpretation regarding the enforceability of Town Code Ch. 82, then Norton "shall be entitled to" bring a declaratory judgment motion on the issue of "whether and/or to what extent Chapter 82 of the Brookhaven Town Code is legally enforceable under New York State Executive Law Article 18 and/or the New York State Fire Prevention and Building Code ('Judicial Uniform Code Determination')." (A.168 at ¶6(e)(i).) The Stipulation also provides that, if the district court and/or the state court finds that Town law violates the Uniform Code, then the Town will cease enforcement of and repeal the offensive provisions. (A.168-69 at ¶6(e)(v).) On August 31, 2020, the DOS issued a letter to the parties informing them, *inter alia*, that it was presenting "observations" but declining to issue a Uniform Code interpretation. (A.226, 229.) From that date forward, Norton has had the ability to request a Judicial Uniform Code Determination from the lower court.

The interplay between local building and construction regulations and those contained in the Uniform Code is spelled out in Executive Law §§ 379 and 383, in New York Residential Code § 102.2, and in New York Property Maintenance Code §§ 102.6 and 102.8. Executive Law § 379 states that municipalities can enact

standards for construction (but not for property maintenance) which are more restrictive than those contained in the Uniform Code, as long as the more restrictive standards are approved by the State Code Council. Exec. Law § 379(1). Norton alleges that the Town never notified or petitioned the State Code Council relative to any of its Ch. 82 laws. (A.91 at ¶83). While municipalities can pass regulations on topics not covered by the Uniform Code, they may not enact regulations that "supersede, void, repeal" or which are "more or less restrictive" than the Uniform Code. Exec. Law § 379(3). § 383(1) states, in relevant part, "[t]he provisions of this article and of the uniform fire prevention and building code shall supersede any other provision of a general, special or local law, ordinance, administrative code, rule or regulation inconsistent or in conflict therewith …"

Norton has alleged that certain portions of Ch. 82 violate these laws. He has pursued this allegation pursuant to the framework set forth in the Stipulation – first a request for a determination by the DOS, and if DOS did not issue a determination, then after completion of discovery a declaratory judgment motion on this question. Town Defendants agreed to this course, and Judge Spatt endorsed it by so-ordering the Stipulation.

In their motion to dismiss, Town Defendants argued that "inconsistencies between the Town Code and the State Uniform Code do not render the Town Code

void"[16], and the relief sought by Norton was "not authorized by state or federal law."[17] First, it should be pointed out that Executive Law §383(1) references local laws that are "inconsistent *or* in conflict with" state laws and regulations. Executive Law §383(1) (emphasis added). The distinction between "inconsistent" and "in conflict" was intentionally made by the Legislature. As the Town Defendants only raised an argument about "inconsistencies" their motion could not have impacted Norton's claims that the local laws were also "in conflict" with state laws and regulations.

Furthermore, whether or not state or federal law provide for the requested relief is irrelevant, since Norton's entitlement to the relief comes from the Stipulation, which states that Norton (and only Norton) "shall be entitled to" and has the sole right to submit this question to "the Court". Town Defendants are now, over four years after the Stipulation, trying to renege on their commitments. This issue – that Town Defendants should be held to the commitments they made in the

---

[16] The Town argued that inconsistencies merely result in the local laws being "superseded." Norton has claimed that "superseding" a local law is the equivalent of voiding it.

[17] The Order is correct that Norton did "not challenge" these statements in his opposition. (A.265.) One reason Norton did not address these two limited contentions is because they are largely true. While no "state or federal law" may specifically call for a Uniform Code interpretation of local laws, the Stipulation that the Town Defendants negotiated, and Judge Spatt so-ordered, does. Furthermore, the concept of such a review has been endorsed by the second department. "To the extent that defendant may wish to challenge, on preemption grounds, particular provisions of the Municipal Code of the City of Glen Cove, as we are remitting the case to the City Court for further proceedings, that court should be permitted to pass upon these claims in the first instance, upon development by the parties of an adequate record." People v. Robles, 881 N.Y.S.2d 366, 366 (App. Term 2d Dep't 2009.)

Stipulation and not allowed to renege on them – was extensively briefed below and was in no way "abandoned." (A.239-44.) In addition, the estoppel arguments that Norton made in the lower court and makes again herein (see A.239-44, and section V, *supra*) apply equally on this topic (i.e., Town Defendants' attempt to undo their Stipulation commitments on this issue violate Judge Spatt's Order, violate a consent decree, and seek improper reconsideration of Judge Spatt's Order). The Stipulation confirmed the agreement of the parties and of the lower court, entitled Norton to make dispositive motions regarding his Uniform Code claim, and prohibited the Town Defendants from taking steps to strip him of this right. Town Defendants' Uniform Code motion violated the Stipulation, and the lower court erred in granting it.

The district court had an obligation to enforce the Stipulation it had so-ordered. By dismissing the case and absolving Town Defendants of their responsibilities under the Stipulation, it failed to do so. "[W]hen a district court 'so orders' a stipulated settlement, it does accept some obligations. The clearest obligation is a duty to enforce the stipulation that it has approved." Geller v. Branic Int. Realty Corp., 212 F.3d 734, 737 (2d Cir. 2000); see also Fisher v. First Stamford Bank and Trust Co., 751 F.2d 519, 523 (2d Cir. 1984); Sanchez v. Maher, 560 F.2d 1105, 1108 (2d Cir. 1977) ("The district court has not only the power, but the duty to enforce the stipulation which it had approved.")

Norton repeatedly argued below that Town Defendants had no right or basis to be relieved of their commitments under the Stipulation. Even if he had not, however, the lower court still should not have dismissed his Uniform Code claim. The Stipulation committed Town Defendants to certain duties, and the court was without power to relieve them of those duties (especially after Norton had made substantial concessions – including waiving his rights to monetary damages – in reliance on Town Defendants' promises in the Stipulation). See, e.g., Katel Ltd. V. AT&T Corp., 607 F.3d 60, 65 (2d Cir. 2010); ("[A] stipulation is generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court."); Abdullayeva v. Attending Homecare Servs. LLC, 928 F.3d 218, 222 (2d Cir. 2019) ("a written agreement that is complete, clear[,] and unambiguous on its face must be enforced according to the plain meaning of its terms."); McCoy v. Feinman, 99 N.Y.2d 295, 302 (2002) (internal citations omitted) ("As with a contract, courts should not disturb a valid stipulation absent a showing of good cause such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable or contrary to public policy; or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement.")

By moving to dismiss Norton's Uniform Code claim, Town Defendants were trying to undo their Stipulation commitments, after those same commitments enticed Norton to relinquish certain rights. For the reasons stated above regarding the enforceability of stipulations, and for the same reasons stated above regarding estoppel and Norton's GML § 239-m claim, Town Defendants' attempts to strip Norton of his rights relative to the Uniform Code should be rejected.

## CONCLUSION

For the above-stated reasons, this Court should find that the district court erred by: 1)finding that a statute of limitations applied to Norton's GML § 239-m action, 2) that Norton had only challenged the portions of Ch. 82 that were enacted in 1999, 3) that Norton must prove the allegations in his Complaint, 4) that Norton had abandoned his Uniform Code claim, and 5) that Norton's Town Law § 262 claim should be dismissed.

Rick Ostrove

46

## CERTIFICATION PURSUANT TO
## Fed. R. App. P. 32(a)(7)(B) and (C)

The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and (C) because the brief contains 11,644 words of text.

The brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Word 2003, Times New Roman, Size 14.

Dated: Carle Place, New York
      September 16, 2022

                                  /s/ _____

DB